IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| MELVIA E. LOEW, ) | |
| Plaintiff, ) | |
| v. ) | No.: 03: 06-CV-3193-RM-BGC |
| PHILLIPS & COHEN ASSOCIATES, LTD., a ) New Jersey corporation, ) | |
| Defendant. ) | |

### ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

NOW COMES Defendant, Phillips & Cohen Associates, Ltd., by and through its attorneys, David M. Schultz and Justin M. Penn, and for its Answer and Affirmative Defenses to Complaint, states as follows:

### JURISDICTION AND VENUE

1. This Court has Jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C, § 1331.

**ANSWER:** Defendant admits that Federal Question jurisdiction is proper in this court over properly brought claims under the FDCPA, but denies that plaintiff has made any such claims.

2. Venue is proper in this District because the ads and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

**ANSWER:** Defendant admits that venue is proper in this District.

### PARTIES

3. Plaintiff, Melvia E. Loew ("Loew"), is a citizen of the State of Illinois, residing in the Central District of Illinois, from whom the Defendant attempted to collect a delinquent consumer debt allegedly owed originally to-Bank of America, but now owed to LVNV Funding, LLC - a debt scavenger that specializes in buying old, delinquent accounts for pennies an the dollar.

6105504v1 870347

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the citizenship or current resident of the plaintiff. Defendant states that the last address it has for the plaintiff is in this District. Defendant admits that it tried to collect a defaulted debt from the plaintiff, and that the defaulted debt sought is owned by LVNV Funding, LLC. Upon information and belief, Defendant admits that the debt sought collected was originally owed to Bank of America. Defendant is without knowledge as to whether the plaintiff's debt was a consumer debt as defined by the FDCPA as Defendant is without knowledge or information sufficient to form a belief as to the nature of the underlying debt. Defendant is also without knowledge or information sufficient to form a belief as to any allegations concerning the debt collection practices of LVNV Funding, LLC, further stating that it does not understand the term "debt scavenger" and does not have any information as to how much LVNV Funding, LLC pays for debts.

4.    Defendant, Phillips & Cohen Associates, Ltd. ("P&H"), is a New Jersey corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect delinquent consumer debts, including delinquent consumer debts in the Central District of Illinois, and was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

**ANSWER:** Defendant admits that it is a New Jersey corporation which business includes the collection of delinquent debts in the Central District of Illinois employing use of the mail and phone. Defendant admits that it acts as a debt collector as defined by the FDCPA for many purposes and in many instances, but Defendant is without knowledge as to whether it was acting as a debt collector as that term is defined by the FDCPA with respect to the plaintiff because it is without knowledge or information sufficient to form a belief as to the nature of the plaintiff's underlying debt.

## FACTUAL ALLEGATIONS

5. Ms. Loew is a disabled, elderly woman who could no longer afford to pay her bills. Accordingly, Ms. Loew's debts become delinquent. One such debt, allegedly owed to Bank of America, was sold to a debt scavenger, LVNV Funding. LVNV Funding hired Defendant P&C [sic] to attempt to collect this delinquent debt and, accordingly, Defendant P&C [sic] sent Mrs. Loew form collection letters, dated January 14, 2006 and March 9, 2006, which both stated in part:

\*\*\*

> You previously made arrangements to satisfy your financial obligations to LVNV Funding, LLC. However, you failed to fulfill your commitment and those terms are now null and void.

\*\*\*

These letters are attached as Exhibits A and B. The statements in these letters were not true, because Ms. Loew had not made any payment arrangements to satisfy her alleged obligation to LVNV Funding.

**ANSWER:** Defendant admits that the debt that the plaintiff owes as alleged in the Complaint is a delinquent debt allegedly originally owed to Bank of America and owned by LVNV Funding, LLC at the time Defendant sought to collect upon the debt. Defendant is without knowledge or information sufficient to form a belief as to whether to admit or deny the allegation that LVNV Funding, LLC is a "debt scavenger" because Defendant does not understand that term. Defendant admits that it sent the plaintiff the original letters, copies of which are purported to be attached as Exhibits A and B, and that those letters were dated January 14, 2006, and March 9, 2006. Defendant further admits that the language quoted in this allegation accurately restates a part of the language contained in the original letters sent to the plaintiff. Defendant admits that the letters, copies of which are attached as Exhibits A and B, represent forms of collections letters that Defendant sends to individuals who owe delinquent debts. Defendant admits that Exhibits A and B purport to be copies of the letters sent by Defendant to plaintiff. Defendant denies the remaining allegations contained in this paragraph.

6. Via letters dated March 21, 2006, March 24, 2005 and March 30, 2006 one of Ms. Loew's attorneys wrote P&C [sic] letters advising it that they represent Ms. Loew. Copies of these letters are attached as Group Exhibit C.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the allegations in this paragraph and denies same. Defendant affirmatively states that it can find no record of receiving the letters, copies of which are purportedly attached as Group Exhibit C.

7. Defendant, however, ignored these letters of representation (Group Exhibit C) and, via a letter dated April 25, 2006, directly communicated with Ms. Loew to demand payment of the debt she now allegedly owed to LVNV Funding. A copy of this letter is attached as Exhibit D.

**ANSWER:** Defendant admits that it sent the plaintiff the original letter dated April 25, 2006, seeking to collect on the plaintiff's defaulted debt then owed to LVNV Funding, LLC. Defendant admits that Exhibit D purports to be a copy of the original letter sent to the plaintiff. Defendant denies that ignored the requests made in Group Exhibit C as Defendant has no record of receiving those letters.

8. All actions at issue in this matter occurred within one year of the date of his Complaint.

**ANSWER:** Defendant denies this allegation as, upon information and belief, the plaintiff incurred the debt allegedly originally owed to Bank of America prior to August 31, 2005.

9. The statements in Defendant's form collection letters are to be interpreted under the "unsophisticated consumer" standard. *See, Bartlett v. Heibi*, 128 F.3d 487, 500 Cir. 1997); *Chauncey v. JDR*, 118 F.3d 516, 519 (7th Cir. 1997); *Avila v. Rubin*, 84 F.3d 222, 226 (7th Cir. 1996).

**ANSWER:** Defendant states that no response is necessary to this allegation as it contains only a legal conclusion. To the extent that a response is required, Defendant states that

4

numerous cases in the Seventh Circuit have been decided since those referred to by the plaintiff and those cases also expand on the standard to be applied in FDCPA cases.

**COUNT I**
**Violation Of § 1692e Of The FDCPA -**
**Making False Statements**

10.  Plaintiff adopts and realleges ¶¶1-9.

**ANSWER:**   Defendant restates and realleges its responses to paragraphs one through nine as if fully restated and realleged herein.

11.  Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representations or means in connection with the collection of a debt, see 15 U.S.C. § 1692e.

**ANSWER:**   Defendant admits that Section 1692e generally prohibits debt collectors from using false, deceptive or misleading representations in its efforts to collect debts, but denies that any such representations were made to the plaintiff in this case.  Defendant also affirmatively states that this section, like all sections of the FDCPA, are subject to numerous defenses, including but not limited to the bona fide error defense.

12.  Specifically, Defendant violated this provision because, in its collection letters to Plaintiff (Exhibits A and B), it falsely stated, "You previously made arrangements to satisfy your financial obligations to LVNV Funding, LLC. However, you failed to fulfill your commitment and those terms are now null and void". Ms. Loew, however, never made arrangements to pay the debt. Thus, P&C [sic] violated § 1692e of the FDCPA.

**ANSWER:**   Defendant admits that the language quoted in this paragraph accurately quotes a portion of the language contained in the original letters sent to the plaintiff, copies of which are purportedly attached as Exhibits A and B.  Defendant deny the remaining allegations contained in this paragraph, specifically denying that these statements violate any section of the FDCPA.

13.  Defendant's violations of § 1692e of the FDCPA render it liable for damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

5

**ANSWER:** Defendant denies that it violated the FDCPA, denies that the plaintiff is entitled to recover any damages, and denies that the plaintiff's attorney is entitled to his fees for filing this lawsuit.

### COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA -
### Communicating With A Consumer Represented By Counsel

14. Plaintiff adapts and realleges ¶¶ 1-9.

**ANSWER:** Defendant restates and realleges its responses to paragraphs one through nine as if fully restated and realleged herein.

15. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. Defendant was given written notice that Plaintiff was represented by an attorney in connection with this debt (Group Exhibit C. By sending another debt collection letter directly to Plaintiff (Exhibit C), despite notice that Plaintiff was represented by counsel In connection with this debt, Defendant violated § 1692c(a)(2) of the FDCPA.

**ANSWER:** Defendant admits that Section 1692c (a)(2) generally prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, but denies that any such communications were made to the plaintiff in this case with knowledge that the plaintiff was represented by counsel. Defendant also affirmatively states that this section, like all sections of the FDCPA, are subject to numerous defenses, including but not limited to the bona fide error defense. Defendant denies that it was given notice that plaintiff was represented by counsel, further stating that it has no record of receiving the letters, copies of which are purportedly attached as Group Exhibit C. Defendant admits that it sent the plaintiff the original letter, a copy of which purports to be

6

attached as Exhibit D, but denies that the sending of this letter constitutes a violation of § 1692c(a)(2), or any other section of the FDCPA.

16.   Defendant's violation of § 1692c(a)(2) of the FDCPA renders it liable for damages, casts, and reasonable attorneys' fees. See. 15 U.S.C. § 1692k.

**ANSWER:**   Defendant denies that it violated the FDCPA, denies that the plaintiff is entitled to recover any damages, and denies that the plaintiff's attorney is entitled to his fees for filing this lawsuit.

### FIRST AFFIRMATIVE DEFENSE

For its First Affirmative Defense, Defendant states that any violation of the FDCPA, which it denies occurred, was unintentional and occurred in spite of procedures reasonably adapted to avoid such error.

### SECOND AFFIRMATIVE DEFENSE

For its Second Affirmative Defense, Defendant asserts that upon information and belief, the Plaintiff's purported cause of action may not be allowed to proceed within the United States District Court system as Defendant may possess certain rights to move this action to arbitration based on contracts entered into by Plaintiff.

    Respectfully Submitted,

    PHILLIPS & COHEN ASSOCIATES, LTD

    By:   s/Justin M. Penn
          One of the Attorneys for Defendant

David M. Schultz
Justin M. Penn
**HINSHAW & CULBERTSON LLP**
222 N. LaSalle Street
Suite 300
Chicago, Illinois 60601
Phone: (312) 704-3000
Fax:    (312) 704-3001

6105504v1 870347

## CERTIFICATE OF SERVICE

    I, an attorney, hereby certify that on October 24, 2006, I electronically filed **Defendant Phillips & Cohen Associates, Ltd.'s Answer and Affirmative Defenses** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to David J. Philipps and Bonnie C. Dragotto at Gomolinski & Phillips.

                                                s/Justin M. Penn
                                                Justin M. Penn

6105504v1 870347